[No. 20782.   In Bank. — August 29, 1891.]

THE PEOPLE, RESPONDENT, *v.* MANUEL LOPEZ, APPELLANT.

CRIMINAL LAW — GRAND LARCENY — THEFT OF HORSE — INFORMATION — OMISSION OF "FELONIOUSLY."— Under the provisions of the Penal Code providing for the determination of the sufficiency of an indictment or information, an information charging the defendant "with the crime of felony," in "stealing, taking, and driving away" a horse, the personal property of the person therein named, is sufficient, although failing to charge that the offense was committed "feloniously."

ID. — PLEADING — CRIMINAL INTENT — USE OF WORD "STEAL."— Where the word "feloniously" is omitted from, and the word "steal" is em-

ployed in, the charging part of an information or indictment for grand larceny, it will be understood as charging the criminal intent with which the act was committed, and the offense, when so charged, will be deemed to be substantially charged in the language of the code; and an information which contains both or either of such words will be held valid, if sufficient in other respects.

ID. — STATUTORY MODIFICATION OF COMMON LAW. — The common-law system of pleading and rules of procedure in criminal cases have been modified by the statutes of this state, by which alone the sufficiency of pleadings in criminal cases is to be determined.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*John M. Poston,* and *A. Laidlaw,* for Appellant.

The error or omission to charge that the stealing was felonious is fatal to the information. (*People* v. *Cheong Foon Ark,* 61 Cal. 527. See Pen. Code, sec. 484; *People* v. *Williams,* 35 Cal. 671.)

*Attorney-General Hart,* for Respondent.

It is sufficient if the offense is substantially charged in the language of the code. (*People* v. *Mahlman,* 82 Cal. 585; *People* v. *Rozelle,* 78 Cal. 84; *People* v. *Tonielli,* 81 Cal. 279; *People* v. *O'Brien,* 64 Cal. 53; *People* v. *Harrold,* 84 Cal. 570; Pen. Code, sec. 960.) The code prescribes the rules by which the sufficiency of pleadings in criminal cases is to be determined. (Pen. Code, sec. 948; *People* v. *King,* 27 Cal. 510, 511; 87 Am. Dec. 95. See Pen. Code, sec. 958; *People* v. *Dalton,* 58 Cal. 226.) The word "feloniously" was not necessary in the information. (*State* v. *Griffin,* 79 Iowa, 568; *State* v. *Felch,* 58 N. H. 1; 1 Bishop's Crim. Proc., secs. 52, 53, 274, 275; 2 Patterson on Liberty of the Subject, 309, 310; *Darling* v. *Westmoreland,* 52 N. H. 401, 407, 408; 13 Am. Rep. 55; *Northington* v. *State,* 82 Tenn. 427; *Jane* v. *Commonwealth,* 3 Met. (Ky.) 18.) The word "feloniously" was held by this court not necessary in indictments

in the following cases: *People* v. *Garcia*, 25 Cal. 531; *People* v. *Parsons*, 6 Cal. 487; *People* v. *Olivera*, 7 Cal. 403; *People* v. *Shaber*, 32 Cal. 38; *People* v. *Burke*, 34 Cal. 662. See *People* v. *Monteith*, 73 Cal. 7; *People* v. *Rogers*, 81 Cal. 209.

FITZGERALD, C.—The information upon which the defendant was tried and convicted of the larceny of a horse is claimed to be fatally defective, because it fails to charge that the offense was committed feloniously.

At common law, simple larceny, whether grand or petit, was a felony, and was defined to be the felonious taking and carrying away of the personal goods of another. The word "feloniously" was therefore essential to the validity of an indictment for larceny, and it has been uniformly held that this word, when used in a statute or constitution without being defined, should be construed to have the meaning affixed to it by the common law. But our statute has modified the common-law system of pleading and the rule of procedure in many important respects, and prescribed certain simple rules by which alone the sufficiency of such pleading shall be determined. These rules, or such of them as have a direct bearing on the question under consideration, are contained in the following sections of the Penal Code:—

Section 948 provides that "all the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by this code."

Section 957 provides that "the words used in an indictment or information are construed in their usual acceptance in common language."

Section 958 provides that the "words used in a statute to define a public offense need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used."

Section 959, subdivision 6, provides that the indictment or information is sufficient if it can be understood therefrom "that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended."

Section 960 further provides "that no .... information is insufficient .... by reason of any defect .... in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits."

And section 1258 provides that "after hearing the appeal, the court must give judgment without regard to technical errors or defects .... which do not affect the substantial rights of the parties."

The defendant is accused, by the information herein, "with the crime of felony," which he is charged with having committed by "stealing, taking, and driving away" a horse, the personal property of the person therein named. No objection was made to the information in the court below, and the question of its sufficiency is raised for the first time by this appeal.

Larceny is defined by section 484 of the Penal Code to be "the felonious stealing, taking, carrying, leading, or driving away the personal property of another." And subdivision 3 of section 487 of the Penal Code makes the stealing of a horse grand larceny, which is a felony under our statute, and punishable by imprisonment in the state prison. The word "steal," as here used, has, as will be hereafter shown, a fixed and well-defined meaning, and is, perhaps, in its common, every-day use and general acceptation, as well understood as any word in the English language. Webster defines it, " To take and carry away feloniously, as the personal goods of another"; quoting Blackstone. The same definition is substantially given in all the standard law dictionaries, some of them giving larceny as a synonym, and it is used with

the same meaning in the following among other sections of the Penal Code: Section 492 relates to how the value of a thing stolen may be ascertained; section 496 to receiving stolen property, knowing the same to be stolen; and section 497 provides that " every person who in another state or county steals the property of another, . . . . and brings the same into this state, may be convicted and punished in the same manner as if such larceny . . . . had been committed in this state."

To therefore contend that the defendant, who must be presumed to be a person of common understanding, did not know what was intended when he was charged by the information with stealing another man's horse, is simply preposterous.

Testing the sufficiency of this information by the application of the foregoing rules, we are forced to the conclusion that where the word "feloniously" is omitted from, and the word "steal" employed in, the charging part of an information for grand larceny, it will be understood as charging the criminal intent with which the act was committed, and the offense, when so charged in an information or indictment, will be deemed to be substantially charged in the language of the code. And an indictment or information for larceny which contains both or either of those words will be held valid, if found to be sufficient in all other respects. It therefore follows that as the omission of the word "feloniously" from the information herein did not tend to the prejudice of a substantial right of the defendant, the judgment appealed from should be affirmed, and we so advise.

Belcher, C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.