[Crim. No. 147.   Second Appellate District.—March 9, 1910.]

## THE PEOPLE, Respondent, v. CHARLES BARTLEY, Appellant.

CRIMINAL LAW—APPEAL—ORDER DENYING PETITION FOR PROBATION—DISCRETION.—An order denying a petition for probation after the conviction of a defendant of a felony rests entirely within the discretion of the trial court, and is not appealable.

ID.—INFORMATION FOR BURGLARY—AVERMENTS NOT REQUIRED—CAPACITY TO COMMIT CRIME—NEGATIVE OF EXCEPTIONS—PRESUMPTION.—An information for burglary with intent to commit larceny need not allege the capacity of the defendant to commit the crime, nor negative the exceptions embodied in section 26 of the Penal Code. It is always presumed that a person intends the ordinary consequences of his voluntary act; and it is sufficient that there is nothing on the face of the information to prevent the application of this presumption.

ID.—USE OF WORDS "BOY" AND "MAN"—AGE NOT APPEARING—PRESUMPTION FROM COURT'S DISCHARGE OF DUTY.—The use both of the words "boy" and "man" by witnesses in speaking of defendant, whose age does not appear in the record, would not indicate that he was under fourteen years of age; and the presumption that the trial court discharged its duty in sending him to the state's prison would negative any inference that he was not over fourteen years of age.

ID.—MOTION FOR CONTINUANCE NOT SUPPORTED PROPERLY DENIED.—Where a motion for a continuance by the defendant was not supported by any affidavit, and the court did not refuse to permit him to file an affidavit, the court did not err in denying the motion.

ID.—VERDICT SUPPORTED BY EVIDENCE.—*Held*, that the verdict is supported by evidence showing that the crime of burglary in the first

degree was committed; and the verdict settles any conflict as to the capacity of the defendant to commit the crime from the use of the terms "boy" and "man" by witnesses beyond disturbance by this court.

ID.—CROSS-EXAMINATION—TESTIMONY ON PRELIMINARY EXAMINATION—PRODUCTION OF RECORD.—Where, upon cross-examination of a witness as to his testimony on preliminary examination, an attempt is made to put into the witness' mouth language stated to be his testimony given at the preliminary examination for the purpose of having him assent thereto, it is only fair and just to the witness that he should be permitted to see the transcript, or have the testimony read to him from the record, if it is at hand; and the court properly required this to be done.

ID.—DIFFERENT RULE AS TO ESTABLISHING NEGATIVE.—Where a negative answer only is the one desired and expected by the cross-examiner as to a statement assumed not to be in the voluminous record of the evidence, the giving of such answer does not require the inspection of the record to show that it was not given on the preliminary examination.

ID.—PROPER ACTION OF TRIAL JUDGE—EVASION OF RULING.—The trial judge properly called the attention of counsel for defendant to the fact that his questions were an evasion of a former ruling of the court, though the district attorney made no objection thereto.

ID.—DUTY OF JUDGE—CONDUCT OF TRIAL.—It is the duty of a judge to see that a trial is conducted in accordance with the rules of evidence and law, as the same appear to him, whether counsel object or not.

ID.—PROPER CONDUCT OF DISTRICT ATTORNEY—SCOPE OF EXAMINATION AND CROSS-EXAMINATION.—The proper conduct of the district attorney in the examination of witnesses within the scope of legitimate examination and cross-examination cannot be assigned as misconduct.

ID.—CROSS-EXAMINATION OF WITNESS TO GENERAL REPUTATION OF DEFENDANT—DISCREDIT OF OPINION.—The district attorney properly cross-examined a witness to the general reputation of the defendant, as to statements made by her relative to particular acts of defendant tending to discredit the opinion given.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Jesse P. Osborne, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Information for burglary. Verdict of guilty and sentence of five years in the state prison. There is an appeal from the judgment and also from an order denying defendant's petition for probation. The latter order rests entirely within the discretion of the trial court, and is not made appealable by the statute.

The information, after stating the name, place and date of the offense, charges that defendant did "willfully, unlawfully, feloniously and burglariously enter a building located at No. 15 East Haley street in the city of Santa Barbara, which said building then and there belonged to one Frank Loustalot, and was then and there used by the said Frank Loustalot as a saloon and barroom, with the intent then and there to commit the crime of larceny," etc. In support of the demurrer to this information it is urged that it is insufficient, in that it nowhere alleges that the person charged was a competent person or one capable of committing a crime; and that the intent alleged by the information is the intent of the owner of the building and not the intent of the person charged with the offense. The first objection appears to be based upon the theory that the defendant having been characterized as "a boy" by some of the witnesses at the trial, the information should have contained some allegation negativing the inference that he lacked capacity to commit crime. Section 26 of the Penal Code says: "All persons are capable of committing crimes, *except*" certain enumerated classes, among which are: "1. Children under the age of fourteen," etc. It is not necessary to negative this exception in the information any more than it is each of the other seven classes of persons mentioned, who, upon their want of capacity being shown, would be held not responsible for offenses committed by them. It is always presumed that a person intends the ordinary consequences of his voluntary act (Code Civ. Proc., sec. 1963), and upon the face of this information there is nothing to prevent the application of this presumption.

If the evidence could be considered in this connection, we would still be called upon to say that there is nothing in the record to show that the "boy" is a child under the age of fourteen years. His age does not appear, and while some witnesses speak of him as a boy, he is also mentioned as a

man. And the presumption that the trial court did its duty in sending him to state's prison would negative any inference from the record that he was not over fourteen years of age.

There is nothing in the other point raised on the demurrer to the complaint; the intent is sufficiently clear.

The record gives no support to appellant's objection to the trial court's ruling denying his motion for a continuance. No showing by affidavit was made, and upon the statement by the district attorney that the witness, to procure whose attendance the continuance was sought, was a fugitive from justice, counsel for defendant expressed his willingness to proceed without the witness. The record does not sustain the contention of appellant that the court would not permit him to file an affidavit making a showing in this regard.

The verdict is fully supported by the evidence in the record. It is unnecessary to state either the facts or a summary of them. Every element of burglary in the first degree was established. If the use of the term "boy" by counsel and some of the witnesses could be considered as evidence tending to show that defendant had not reached the age at which he could be held legally responsible for crime, the use of the term "man" would be equally available to show the contrary, and thus there would be a substantial conflict upon this issue, which the verdict of the jury has settled, against appellant's contention, beyond disturbance by this court.

The rulings of the court upon the admission of evidence which are complained of were not erroneous. The proper practice when cross-examining a witness by asking him what his testimony was upon a former trial of the cause, or at the preliminary examination upon a felony charge, is well established. Where an attempt is made to put into the witness' mouth language which is stated to be his testimony given at the preliminary examination for the purpose of having him assent thereto, it is only fair and just to the witness that he should be permitted to see the transcript, or have the testimony read to him from the record, if there be such a record at hand, and the court properly required this to be done in this case. The distinction between the question presented here and that passed upon by the supreme court in *People* v. *Hart,* 153 Cal. 261, [94 Pac. 1042], is clear and evident. The questions to which objections of the people

were sustained in that case were distinguished by the court as merely preliminary, but they were also of such a character that they could not have been effectively and conveniently asked by reading the record of the testimony of the witness given at the preliminary examination. In the case before us the question is: "Now, Mr. Brusatori, I believe you said in your direct examination before the committing magistrate that you went out and looked around?" In the Hart case, after the witness had testified on direct examination that a certain statement had been made, he was asked on cross-examination: "You did not make this statement on the preliminary examination, did you?" An objection to this being sustained, he was asked: "Why did you not make this statement on the preliminary examination?" and again, "In your testimony on the preliminary examination did you then and there tell all you knew about the case?" The rule requiring that a witness must be shown a particular thing claimed to be in the record before assenting to its presence cannot, for reasons of convenience, be applied where the witness is called upon to remember whether or not he made a particular statement during the course of a lengthy examination, which makes a voluminous record, which statement the question assumes not to be in the record. In the latter instance a negative answer, that desired and expected by the cross-examiner, would avoid the necessity of introducing the entire record for the purpose of showing that no such testimony had been given by the witness on the former occasion. This rule in relation to the establishing of a negative is well recognized. The ruling of the court upon this matter might well have been assumed to be acquiesced in by appellant, were it not for the preservation of the objection by the amendment to section 647, Code of Civil Procedure, made in 1909. This view is strengthened by the pursuit of the information sought to be elicited by the question by the adoption of the course suggested by the court, which rendered the ruling without prejudice.

It was not improper for the trial judge to call the attention of counsel for defendant to the fact that his questions were an evasion of a former ruling of the court where the district attorney made no objection. It is the duty of a judge to see that a trial is conducted in accordance with the

rules of evidence and law as these appear to him, whether counsel object or not. The trial of a cause is not to be conducted as if it were the playing of a game by the parties and their attorneys, at which the judge sits to arbitrate dis-puted questions of law or practice only when called upon by one or the other or both of the parties, but as an adminis-tration of the law for the purpose of securing a hearing on the merits of the cause, and it is the duty of the judge trying the cause to assume the directing hand whenever this end is not being accomplished, assuming to act, however, only within his constitutional province of stating the testimony and declaring the law. There was no intimation in the con-duct of the judge in this cause that could in any manner have conveyed to the jury that he had an opinion as to the guilt or innocence of the defendant.

We see nothing in the other assignments of error, in rela-tion to the admission and rejection of evidence, prejudicial to the defendant. The examination of the witnesses by the district attorney assigned as misconduct was within the scope of proper examination in the case of the sheriff, and of proper cross-examination in the case of the witness McCaughey. A witness who testifies to the general reputation of a defendant may be asked on cross-examination as to his or her knowl-edge of particular instances and statements made by the witness relating to particular acts of the defendant tending to discredit the opinion given. Where such questions are asked in good faith by a district attorney, there is no miscon-duct, and such was the case here.

There being no prejudicial error in the record, the judg-ment is affirmed.

Allen, P. J., and Shaw, J., concurred.