[Crim. No. 1332. Second Appellate District, Division One.—May 17, 1926.]

THE PEOPLE, Respondent, v. M. L. FOLCEY, Appellant.

[1] CRIMINAL LAW—LARCENY—REAL PROPERTY—OBTAINING BY FRAUDU-LENT REPRESENTATION—STATUTORY CONSTRUCTION.—Real property is not the subject of larceny; and, therefore, the words "punishable in the same manner and to the same extent as for larceny of money or property so obtained," appearing in section 532 of the Penal Code, relating to the offense of obtaining real or personal property by fraudulent representation or pretense, are meaningless in so far as real property is concerned.

---

(1) 25 C. J., p. 608, n. 1; 36 C. J., p. 736, n. 43.

APPEAL from a judgment of the Superior Court of Los Angeles County. Arthur Keetch, Judge. Reversed.

The facts are stated in the opinion of the court.

John A. Deweese and L. E. Dadmun for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was tried by a jury and found guilty on both counts of an indictment charging the alleged crime of obtaining real property by false pretenses and appeals from the judgment of the court and from its order denying his motion for a new trial.

---

1. See 17 R. C. L. 33.

[1]   The first point raised by the appellant is that section 532 of the Penal Code fails to provide that it is a crime to obtain real property by fraudulent representation or pretense, in that the only portion of said section which provides for any punishment for violation thereof is in the following words: " . . . is punishable in the same manner and to the same extent as for larceny of the money or property so obtained." The only definition of larceny contained in our codes is that contained in the Penal Code, sections 484, 485, 486, 487, 488, 502½, 538, and in General Laws, Deering's 1923 edition, Acts 4195, 4194, and 5233 (sec. 64 subd. 29), all of which are limited to personal property. Therefore, we are forced to hold that the insertion in section 532 of the Penal Code of the words "whether real or personal" means nothing whatsoever, in so far as *real* property is concerned. The legislature, after the decision in the case of *People* v. *Cummings,* 114 Cal. 437 [46 Pac. 284], amended section 532 by inserting the words "whether real or personal," and neglected entirely in said section to make any other amendment whatsoever. In *People* v. *Cummings, supra,* the supreme court stated directly, that since real estate is not the subject of larceny, the words "punishable in the same manner and to the same extent as for larceny of the money or property so obtained," are meaningless in relation to real property.

This decision makes unnecessary any discussion of the other points raised.

Judgment reversed.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1926.