[Crim. No. 1015. Third Appellate District.—March 2, 1928.]

THE PEOPLE, Respondent, v. WILLIAM CAMPBELL, Appellant.

Ray T. Coughlin for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was indicted on two charges of grand theft. He demurred to the indictment on the ground that it did not state facts sufficient to constitute a public offense. The demurrer was overruled, whereupon the defendant entered a plea of guilty of both charges, and

judgment was entered against him accordingly. This appeal is from the judgment. Both counts of the indictment are in the same form. The first one is as follows:

"The grand jury of the County of Sacramento hereby accuses William Campbell of a felony, to-wit: Grand Theft, in that on or about the —— day of January, A. D. 1925, in the County of Sacramento, in the State of California, he the said William Campbell, unlawfully took the property of the California Deciduous Fruit Companies, a corporation, consisting of lawful money of the United States, of the value of $687.50."

In appellant's brief it is said: "It requires no argument to sustain the proposition that every unlawful taking of the property of another is not theft." This may be conceded, but the indictment charges more than an unlawful taking. It charges the commission of "a felony, to-wit: grand theft," a crime fully defined by section 484 of the Penal Code. Webster defines theft as "the act of stealing." In *State* v. *Fair*, 35 Wash. 127 [102 Am. St. Rep. 897, 76 Pac. 731], it is said: "Larceny is only another name for stealing or theft." In *People* v. *Donahue*, 84 N. Y. 438, it is said: "It is at first questioned whether 'theft' is a crime either at common law or under the statutes. . . . The criticism is upon the word. It is claimed not to be the precise equivalent of 'larceny.' . . . We do not think either suggestion is well founded. Bouvier defines 'theft' as 'a popular term for larceny.' Blackstone uses the two words synonymously and as descriptive of one and the same offense." In *People* v. *Lopez*, 90 Cal. 569, 572 [27 Pac. 427], it was contended that the information therein for larceny was insufficient because it failed "to charge that the offense was committed feloniously." The court said: "The defendant is accused, by the information herein, 'with the crime of felony,' which he is charged with having committed by 'stealing, taking and driving away' a horse, the personal property of the person therein named. . . . Larceny is defined by section 484 of the Penal Code to be 'the felonious stealing, taking, carrying, leading, or driving away the personal property of another. . . . The word 'steal,' as here used, has, as will be hereafter shown, a fixed and well-defined meaning, and is, perhaps, in its common, every-day use and

general acceptance, as well understood as any word in the English language. . . . To therefore contend that the defendant, who must be presumed to be a person of common understanding, did not know what was intended when he was charged by the information with stealing another man's horse, is simply preposterous." That case was decided prior to the adoption of section 4½ of article VI of the constitution, which forbids the reversal of a case for mere technical errors which do not result in "a miscarriage of justice." The word "theft" is probably as well understood as the word "steal," and the reversal of a judgment on the ground that the defendant did not know the meaning thereof would be a long step backwards. Much of the time of courts has been consumed in the consideration of technical objections to pleadings in criminal cases, yet it is probable that few judges are able to recall a single case in which the defendant was actually in the slightest doubt as to the crime with which he was charged. Modern legislation is endeavoring to cut the inextricable Gordian knot by which the trial of criminal cases has been so long fettered, and the courts ought not to thwart that laudable effort by an adherence to mere technical precedents which regard form rather than substance.

It is unnecessary to repeat what is said in the opinions filed in this court January 24, 1928, and February 21, 1928, in the case of *People* v. *Plum*, 88 Cal. App. 575 [263 Pac. 862, 265 Pac. 322, 575, where the subject under discussion is more fully considered.

The judgment is affirmed.

Hart, J., and Plummer, J., concur.