[Crim. No. 1699. Second Appellate District, Division One.—September 19, 1928.]

THE PEOPLE, Respondent, v. CHARLES GIRON, Appellant.

R. O. Stotter for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CONREY, P. J.—In each case the information charged that the defendant committed the crime of burglary by wilfully, unlawfully, etc., entering certain described premises "with the intent then and there and therein to commit the crime of larceny." The cases were consolidated for trial. The jury found defendant guilty in each case, and judgments were entered accordingly. He appeals from the judgments.

The sole ground of appeal is that the informations do not charge any public offenses, for the reason that under the amendments of the Penal Code, adopted in 1927, there is no longer a crime in this state by the name of larceny. Section 459 of the Penal Code, which defines burglary, provides that every person who enters any house, room, etc., "with intent to commit grand or petit larceny, or any felony is guilty of burglary." It will be noted that the informations were drawn in accordance with this language of the statute.

Prior to the amendments to the Penal Code, made in the year 1927, larceny was the name given by the code (sec. 484) to the felonious stealing of personal property. The definition there given was, in substance, the common-law definition of that crime. For the purpose of consolidating larceny and certain other crimes under a common name, section 484 was so amended (Stats. 1927, p. 1046) that a person guilty of any one of those several offenses is declared to be guilty of theft. The acts which theretofore constituted the crime of larceny are now included in the definition of theft. At the same time there was added to the Penal Code a new section, 490a. " 'Theft' to be substituted for larceny, embezzlement or stealing. Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or steal-

ing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." It is contended by appellant that under these amendments the crime defined by section 484 must now be read as the crime of "theft"; and that therefore when the informations charged that the defendant unlawfully entered the described premises with intent to commit larceny, they merely charged the unlawful entry by defendant upon the premises of another; in other words, a mere trespass, but not any crime punishable under laws of this state.

We think there is no merit in this contention. So far as the new definition of larceny is concerned, the change of name is one of form and not of substance. The amendments did not wipe out the common-law definition of larceny, nor did they destroy the universal meaning of the word wherever English is spoken, that larceny is a form of theft. To think otherwise would be to defy common sense.

The judgments are affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 15, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 8, 1928.

All the Justices present concurred.