[Crim. No. 3182. In Bank.—February 14, 1929.]

THE PEOPLE, Respondent, v. FRANK A. MYERS, Appellant.

R. M. Wiley for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

Earl Warren, District Attorney of Alameda County, and Nathan Harry Miller, Deputy District Attorney, *Amici Curiae* on Behalf of Respondent.

Walter K. Tuller, John U. Calkins, Jr., and Max Radin, *Amici Curiae*.

PRESTON, J.—Defendant appeals from a judgment of conviction of the crime of burglary based upon a verdict of guilty returned upon undisputed evidence that he did, on January 6, 1928, with burglarious intent, enter the store of one Wahlforth at 124 North Main Street, Los Angeles, with the intent to steal, and did take and steal cutlery and other articles therefrom of the value of about $125.

The appeal assails only the information. It is claimed that it does not state an offense. This claim seems entirely without merit.

The charging part of the information is as follows: The said Frank A. Myers " . . . did wilfully, unlawfully ~~and~~ feloniously and burglariously enter the store, room and building of one August Wahlforth, located at number 124 North Main Street, in the city of Los Angeles, county and state aforesaid, with the intent then and there and therein to commit the crime of ~~larceny.~~ theft." (Changes indicate amendment ordered by court.)

As originally filed, the word "larceny" appeared where the word "theft" is now found. The court, at the conclusion of the evidence, ordered this amendment made. This he deemed expedient because of the provisions of section 490a of the Penal Code, enacted in 1927 as part of a comprehensive plan to simplify procedure in criminal cases, which section reads as follows: "Wherever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." (Stats. 1927, p. 1047.) Appellant, by general demurrer both before and after this amendment, and by objections frequently made and by motion for an advisory verdict of

acquittal, urged that the information did not before or after amendment state a public offense. No special demurrer, however, was interposed at any time.

Section 459 of the Penal Code reads: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, mine, or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary." This information as originally drafted was undoubtedly sufficient. ■ While it has always been necessary to specify the crime intended to be committed (*People* v. *Nelson,* 58 Cal. 104; *People* v. *Bartley,* 12 Cal. App. 773 [108 Pac. 868]), when the burglarious entry is made, yet it has never been held that it was necessary to do more than refer to the ultimate crime intended in anything but general terms. "The allegations of the ulterior felony intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of the felony. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape or arson." (4 R. C. L., sec. 29, p. 436.)

This rule has been specifically applied in this state. For example, in the case of *People* v. *Burns,* 63 Cal. 614, an information was sustained which merely recited a burglarious entry of the "home of one (naming a woman) . . . with intent then and there to commit a rape upon the said . . . (woman named)." Again, in *People* v. *Goldsworthy,* 130 Cal. 600 [62 Pac. 1074], the inforrmation upheld recited simply that the defendant feloniously entered "the basement room of a certain store with intent to commit arson." Again, an information substantially identical with the one before us was sustained in *People* v. *Bartley, supra,* 12 Cal. App., at pp. 775, 776 [108 Pac. 868]. These holdings are in accord with the general weight of authority in other jurisdictions as disclosed by a reference to the decisions of foreign courts. (9 Cor. Jur., p. 1050, sec. 92.)

At this point we could well stop the discussion by saying that in popular acceptation the words "theft" and "larceny" are so nearly convertible terms that defendant could in no sense have been misled by the use of the one term or the other. The same is true of the term "steal."

In *People* v. *Lopez*, 90 Cal. 569, 572 [27 Pac. 427], the information held a sufficient charge of larceny which accused the defendant of felony "by stealing, taking and driving away" a horse, etc. (See sec. 960, Pen. Code; *People* v. *Campbell*, 89 Cal. App. 646 [265 Pac. 364].) The provisions of section 490a of the Penal Code might, therefore, be disregarded and still the information here would undeniably be sufficient. If the section were invalid, the word "larceny" would in such case remain and the information would still be concededly sufficient.

Appellant, however, attacks the information from an altogether different angle and his processes seem to be as follows: That section 484 of the Penal Code, defining larceny, has been repealed, and this fact, in connection with the alleged invalidity of section 490a of the Penal Code, destroys section 459 of the Penal Code, defining burglary, by taking therefrom the element of larceny. It should here be noted that this argument overlooks the fact that in defining burglary the felonious entry is satisfied if made with intent to commit "any felony." The reply to this, no doubt, would be that the information before us merely uses the word "larceny," which may be either grand or petit, and the latter is not a felony; hence, upon any theory the information is either defective or void.

But meeting the issue face to face, there is no merit to be found in the claim. Section 484 has been amended but not repealed (Stats. 1927, p. 1046, sec. 1), for the effect of the section as now appearing is merely to amalgamate the crimes of larceny, embezzlement, false pretenses and kindred offenses under the cognomen of theft. No elements of the former crimes have been changed by addition or subtraction. This is particularly true of the crime of larceny. All former elements of this offense are perpetuated and contained in section 484 as amended. This latter section as now written is a step in advance of the English Larceny Act of 1916 (sec. 44, 6 & 7 Geo. V, c. 50), the operation of which has been explained as follows:

"(1) If on the trial of any indictment for robbery it is proved that the defendant committed an assault with intent to rob, the jury may acquit the defendant of robbery and find him guilty of assault with intent to rob, and thereupon he shall be liable to be punished accordingly. (2) If on

the trial of any indictment for any offence against s. 17 of this act (relating to embezzlement) it is proved that the defendant stole the property in question, the jury may find him guilty of stealing, and thereupon he shall be liable to be punished accordingly; and on the trial of any indictment for stealing the jury may in like manner find the defendant guilty of embezzlement or of fraudulent application or disposition, as the case may be, and thereupon he shall be liable to be punished accordingly. (3) If on the trial of any indictment for stealing it is proved that the defendant took any chattel, money, or valuable security in question in any such manner as would amount in law to obtaining it by false pretenses with intent to defraud, the jury may acquit the defendant of stealing and find him guilty of obtaining the chattel, money, or valuable security by false pretences, and thereupon he shall be liable to be punished accordingly. (4) If on the trial of any indictment for obtaining any chattel, money, or valuable security by false pretences it is proved that the defendant stole the property in question, he shall not by reason thereof be entitled to be acquitted of obtaining such property by false pretences.'' (Archbold's Criminal Pleading, Evidence and Practice, 27th ed. by R. E. Ross, p. 515, sec. 44.)

The amendment to section 484, in connection with other cognate legislation such as the amendments to sections 951 and 952 of the Penal Code (Stats. 1927, p. 1043), is designed not only to simplify procedure but also to relieve the courts from difficult questions arising from the contention that the evidence shows the commission of some other of these crimes than the one alleged in the indictment or information, a contention upon which defendants may escape just conviction solely because of the border line distinction existing between these various crimes.

The conclusion we have announced has heretofore either been expressly or impliedly given forth in the following cases: *People* v. *Plum*, 88 Cal. App. 575 [263 Pac. 862]; *People* v. *Giron*, 94 Cal. App. 53 [270 Pac. 462]. In the latter case the sole ground of appeal was that the information did not charge a public offense for the reason that under the amendments to the Penal Code adopted in 1927 there is no such thing as larceny. The information was not amended. After discussion, Mr. Justice Conrey disposes of

the question as follows: "So far as the new definition of larceny is concerned, the change of name is one of form and not of substance. The amendments did not wipe out the common-law definition of larceny, nor did they destroy the universal meaning of the word wherever English is spoken, that larceny is a form of theft. To think otherwise would be to defy common sense." (See, also, *People* v. *Campbell, supra.*)

With this conclusion before us, the essence of section 490a is simply to effect a change in nomenclature without disturbing the substance of any law. It is, therefore, unimportant to dwell upon the contention that this section is ineffectual to interpret the word "larceny" to mean "theft" in section 459 of the Penal Code because of article IV, section 24, of the constitution, to the effect that the act revised or section amended shall be re-enacted and published at length as revised or amended. This would mean that a change of phraseology without changing the meaning can be accomplished only by a republication of every statute wherein the phrase appears. This, to our mind, is carrying the refinements of logic to the point of absurdity.

The only other point is that it is contended that inasmuch as section 484 now has these three crimes included within it, by charging the intent to be that of theft, the defendant is left without sufficient information as to which particular brand of theft he is supposed to have intended by the felonious entry of the building. This contention, too, seems hypercritical, for if the defendant is told that he is charged with the felonious entry of a certain building, at a certain time, with a certain intent, which particular subdivision of the crime he is guilty of does not seem to be a matter that would prejudice his status, and it has been so ruled in the case of *People* v. *Burns, supra,* and in the late case of *People* v. *Manchell,* 91 Cal. App. 788 [267 Pac. 718]. Moreover, appellant did not make this point at all in the court below, by special demurrer or otherwise.

The judgment is affirmed.

Waste, C. J., Shenk, J., Seawell, J., Curtis, J., Langdon, J., and Richards, J., concurred.