[Crim. No. 1557. First Appellate District, Division Two.— November 26, 1929.]

THE PEOPLE, Respondent, v. WILLIAM B. MADDUX, Appellant.

Myron Harris, Leo A. Sullivan and John Jewett Earle for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with having committed the crime of grand theft. The defendant pleaded not guilty. The jury brought in a verdict of guilty. The defendant made a motion for a new trial. The motion was denied. From the judgment entered on the verdict and the order denying a new trial the defendant has appealed.

On this appeal the defendant earnestly contends that he was tried and convicted under a statute that was enacted subsequent to the alleged date of his offense. In the information it was alleged that the offense was committed on the twenty-second day of November, 1926. The information was filed on the second day of May, 1929. It is conceded that the information was framed under the amendments to sections 484 and 486 of the Penal Code as amended. (Stats. 1927, pp. 1046, 1047.) In this connection the defendant asserts that real property cannot be the subject of larceny and therefore cannot be the subject of obtaining property under false pretenses. He cites and relies on *People* v. *Cummings,* 114 Cal. 437. [46 Pac. 284], and *People* v. *Folcey,* 78 Cal. App. 62 [247 Pac. 916]. Those cases state a doctrine which, if it still obtained, might be

claimed to support the contention of the defendant. However, the doctrine of those cases was highly technical and unsatisfactory and in so far as this case is concerned the doctrine of the cases cited had been modified if not entirely departed from. (*People* v. *Rabe,* 202 Cal. 409, 418 [261 Pac. 303].) As the first and second points made by the defendant are but different methods of presenting the same general contention, it follows that they may not be sustained.

It is claimed that the court erroneously instructed the jury upon issues not within the pleadings. This contention rests on the claim as above stated, that is, that the information did not include the offense of obtaining property under false pretenses. As we have held above that it did, we need not pause to discuss the point when made from a different angle.

Again, the defendant claims that there was a variance between the information and the evidence. If, as we have held, the offense of obtaining property under false pretenses could be inquired into, under the information as framed the point must be ruled against the defendant. It is sufficient to state that we have no doubt but what the inquiry could be made under the information.

When the prosecuting witness was on the stand she was asked if she had ever signed any deed to her property before November, 1926. She answered that she had no remembrance of doing so. She was then asked, ''would you say that you have not, Mrs. Johnson?'' An objection was made and sustained on the ground that it had been asked and answered. In ruling the trial court remarked that if counsel desired to propound a specific question, calling the attention of the witness to some particular paper, such matter could be gone into, but that it would do no good to repeat the same question to the witness several times. In another place she was asked if it was not a fact that Mr. Maddux paid the interest on the property. She replied, ''I don't know.'' Counsel then proceeded, ''Would you say that he did not?'' An objection that the question had already been asked and answered was sustained. The ruling was not erroneous. When the witness Tracy had testified regarding a conversation that he held with the defendant he was asked on cross-examination if in that conversa-

tion the defendant had not made some other statements. The witness testified that he had. He was then asked why he had not told the jury on his direct examination that such additional facts were a part of the conversation. An objection to the question was sustained. The ruling was not erroneous. If any single question propounded to the witness was believed to. be answered erroneously, or only partly, that particular question and answer could properly have been the subject of cross-examination, but as to why the witness had not made a speech while giving his direct examination was quite irrelevant. █ A parallel incident arose on the examination of the prosecuting witness. During the trial she testified that on a certain occasion the defendant had told her not to mention a certain transaction to anyone. The attorney for the defendant then propounded this question: "Today is the first time in any of these trials that you ever said that, isn't it?" An objection was made and sustained by the trial court and it added: "Unless it is shown that such question was asked." The ruling was clearly correct.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 26, 1929.

All the Justices present concurred.