[Crim. No. 1906. Second Appellate District, Division Two.—February 4, 1930.]

THE PEOPLE, Appellant, v. CORRIES HILLARD, Respondent.

U. S. Webb, Attorney-General, John L. Flynn, Deputy
Attorney-General, Buron Fitts, District Attorney, and

Tracy Chatfield Becker, Deputy District Attorney, for Appellant.

Frederick H. Vercoe, Public Defender, and Franklin Padan, Deputy Public Defender, for Respondent.

CRAIG, Acting P. J.—The People appeal from an order granting the defendant's motion for a new trial upon conviction in the Superior Court of Los Angeles County of petty theft, after conviction in the Municipal Court of the city of Los Angeles, upon a charge of having previously committed petty theft.

Respondent was alleged by information to have unlawfully taken away personal property of another on or about August 1, 1929, and by a second paragraph it was charged that on or about May 2, 1929, he was tried in the Municipal Court and there found guilty of petty theft, and thereafter sentenced and served a term of imprisonment. He pleaded guilty to the last-mentioned charge, and after a trial before the court, was convicted of the later offense. A motion for a new trial was interposed and was granted upon the theory that section 666 of the Penal Code, increasing the punishment upon the commission of a second offense, does not include petty theft among the prior offenses therein specified, and hence that the Superior Court had no jurisdiction of the instant case. It is argued that, being convicted of petty theft as defined by sections 486 and 488, inclusive, of the Penal Code, the charge and plea of guilty upon the bare allegation of a previous conviction of the defendant having committed "petty theft," might subject him to punishment for either of several offenses, since larceny, embezzlement, stealing and false pretenses were by amendment embraced within the single definition, but that section 666 of the Penal Code was not amended accordingly.

The legislature of 1927 (Stats. 1927, chap. 619, p. 1046), expressly amended sections 484 to 489, both inclusive, and section 490 of said code and added thereto section 490a, providing that:

"Whenever any law or statute of this state *refers to or mentions larceny,* embezzlement or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

Section 666 reads as follows:

"Every person who, having been convicted of petit larceny and having served a term therefor in any penal institution, commits any crime after such conviction, is punishable as follows:

" . . . If the subsequent conviction is for petit larceny, then the person convicted of such subsequent offense is punishable by imprisonment in the state prison not exceeding ·five years."

It is obvious that while this section is not specifically mentioned by said amendment, the quoted provisions are plainly within the language of the new section. In *People* v. *Giron,* 94 Cal. App. 53 [270 Pac. 462], it was contended that an information drawn in the language of the statute did not charge a public offense, for the reason that larceny might be committed in various ways. It was there held that: "So far as the new definition of larceny is concerned, the change of name is one of form and not of substance. The amendments did not wipe out the common-law definition of larceny, nor did they destroy the universal meaning of the word wherever English is spoken, that larceny is a form of theft. To think otherwise would be to defy common sense." To the same effect are *People* v. *Campbell,* 89 Cal. App. 646 [265 Pac. 364], and *People* v. *Maddux,* 102 Cal. App. 169 [282 Pac. 996]. Again, as recently held by this court, " 'former crimes of larceny, embezzlement, and obtaining property by false pretenses are merged into the one of theft.' (*People* v. *Plum,* 88 Cal. App. 575 [263 Pac. 862, 265 Pac. 322].)" (*People* v. *Stevenson, ante,* p. 82 Cal. App. [284 Pac. 487].) ▇ The legislature must be presumed to have been familiar with and to have had in mind the acts of previous legislatures when it enacted the amendments to the Penal Code above mentioned. (*Rosenberg* v. *Bump,* 43 Cal. App. 367 [185 Pac. 218].) And all its parts must be harmonized and construed together, so that it may stand as an entirety. (*People* v. *Strickler,* 25 Cal. App. 60 [142 Pac. 1121]; *People* v. *Merrill,* 24 Cal. App. 206 [140 Pac. 1075]; *People* v. *Pryal,* 25 Cal. App. 779 [147 Pac. 114].)

▇ From the foregoing we think it apparent that section 666 of the Penal Code must be included with the other laws and statutes of this state in which the term "theft"

is substituted for "larceny," without special mention. This being true, it necessarily follows that the term was inserted in said section with the effect with which sections 486 to 488, inclusive, were intended to operate. ██ Hence, if respondent had previously committed the crime of "theft" within the purview of the sections last mentioned, and had served a sentence therefor, the subsequent conviction of a like offense would constitute a felony, and fall within the jurisdiction of the Superior Court.

██ Another point urged by respondent is that section 666 of the Penal Code was not mentioned by title nor by number in the amending statute, and was not re-enacted. We think this contention fallacious in that the title to the enactment of 1927 does indicate a scope and purpose which clearly include the substitution of the word "theft" for the word "larceny" in said section. Its object was "to amend sections four hundred eighty-four . . . , and to add a new section to the Penal Code, to be numbered four hundred ninety a, defining the crime of theft and prescribing punishment therefor." It is not in conflict with the constitutional requirement that it must "embrace but one subject, which subject shall be expressed in its title." This case is not analogous to that presented in *Lewis* v. *Dunne,* 134 Cal. 291, [86 Am. St. Rep. 257, 55 L. R. A. 833, 66 Pac. 478], as an endeavor to deal "with a vast variey of subjects, many of which are totally distinct from each other," "for the purpose of revising said code." Comprehensive as it is asserted to be, its sole object and express purpose is but to define and denounce the crime of theft. "It is enough if it intelligibly refers the reader to the subject to which the act applies or which is affected by it." (*Hellman* v. *Shoullers,* 114 Cal. 136 [44 Pac. 915, 45 Pac. 1057].)

██ Rather than embarrass legislation by too strict construction, if the provisions of an act can by fair intendment be considered as falling within the subject matter indicated in its title, or necessary to the attainment of its object, it will not be held to conflict with the Constitution.

The remaining objection that since "theft" is now of broader range than was the offense commonly known as "larceny" prior to the amendments of 1927, and might imply a prior violation of law other than stealing, is not presented by the facts. It is admitted that both of the alleged

offenses were committed in 1929. Hence we are not permitted to pass upon the question which might be presented if the act constituting the offense had occurred previously to the taking effect of the section in question. We are not required to say that it was the intention of the makers of this law that it should apply to any prosecution occurring before its enactment, nor to consider whether or not if such had been their intention the statute would have been unconstitutional on that account. ■ No rule is better established than that a statute will never be so construed as to render it unconstitutional unless such an interpretation is clearly indicated, and here there is nothing to suggest an intent of that character.

What we do hold is that section 666 of the Penal Code as applied to acts committed after it became effective is not violative of the Constitution upon any ground argued by the respondent in this case.

The order granting a new trial is reversed.

Thompson (Ira F.), J., and Burnell, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 19, 1930, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1930.

All the Justices present concurred.