[Crim. No. 1829. First Appellate District, Division Two.—February 15, 1935.]

THE PEOPLE, Respondent, v. JOHN WESLEY ROBERTS, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury upon an information in three counts: The first charging burglary, the second robbery and the third a prior conviction of burglary. The jury found him guilty of burglary, and not guilty of robbery. He admitted the prior convic-

tion. The appeal is from the judgment on the verdict and from an order denying a new trial.

The defendant was found in an inn located at El Cerrito at about 3:30 A. M. by the son of the proprietor. The defendant advanced upon him with his hand in his overcoat pocket in such a way as to give the impression that he carried a gun. He told the young man "not to do anything foolish" as he did not want to hurt him and demanded that he be let out of the door. After he had left it was found that the money had been taken from its hiding place and that a rear window had been pried open with an iron bar which was found near by. The defendant was arrested a few hours later and was identified as the man who had been found in the inn. He then had in his possession about seventy dollars, including two rolls of nickels and two rolls of pennies, all of which had been wrapped in separate papers and marked by an employee of the inn. Prior to the burglary the defendant had been carousing with another man and a woman and was then practically without funds. These three had been visiting various beer halls, traveling in an automobile owned by the woman. The iron bar found at the inn was claimed by her. When arrested and accused of the crime, and when identified by the innkeeper's son, the defendant stood mute. He took the witness stand in his own defense and, though asked many questions outside the issues of the case, he was not asked anything regarding his participation in the crime charged and he has not denied it.

The first point raised is that the information is insufficient because it does not allege "an entry with intent to commit theft or any other felony". The charge is that defendant "did then and there feloniously and unlawfully and burglariously enter . . . with felonious intent to and did take, steal and carry away . . . " Section 459 of the Penal Code defines burglary as an entry "with intent to commit grand or petit larceny or any felony . . . " The charge "intent to steal" is synonymous with "intent to commit larceny" because section 484 of the same code declares that one who shall "feloniously steal . . . is guilty of theft" and theft and larceny are one and the same.

A further criticism of the information is that it does not allege that the premises entered and the property stolen therefrom did not belong to the defendant. The point is

without merit. The ultimate crime pleaded was the burglarious entry. It is not necessary to plead all the elements of that crime, but the pleading may be in general terms. (*People* v. *Myers*, 206 Cal. 480, 482 [275 Pac. 219].)

The appellant states that the evidence is insufficient because it did not prove an intent to commit a theft or that the money found on him was not his property. It was not necessary to prove the latter, while the intent could be inferred from the circumstances which we have related.

The judgment and order are affirmed.

Sturtevant, J., and Spence, J., concurred.