THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS RÍOS POL, ETC., Defendant and Appellant.

Nos. 13650 and 13570. Argued January 25, 1949.—Decided April 7, 1949.

*Bauzá & Bauzá* for appellant. *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Luis Ríos Pol was accused in the District Court of Aguadilla of embezzlement [1] committed during the month of August 1947. Few months later, this same person was accused in the District Court of San Juan of the crime of grand

---

[1] Case No. 13650.

larceny.[2] The state of facts which gave rise to both infor-mations is similar in both cases. After having been tried by a jury in both cases he was convicted and sentenced to serve from two to four years imprisonment in the peniten-tiary in the first case and from three to eight years in the penitentiary in the second case.

Feeling aggrieved by both convictions he appealed to this Court. Since both appeals are intimately connected we shall dispose of the questions involved in a single opinion.

### Case No. 13650—Embezzlement

 In this case the Fiscal of this Court consents to our reversal and asks us to remand the case to the lower court in order that a new information be filed because the court of Aguadilla erred in convicting the appellant of em-bezzlement, when the evidence showed that he had committed grand larceny.

According to the evidence offered in the lower court it appears that the appellant on the day of the occurrence was driving a truck with a stolen license plate; that on passing the warehouses of Plino Graciani, a wholesaler, situated at Tetuán St., in San Juan, he noticed two barrels of ham con-signed to Ramón Martínez of Vega Baja. Shortly thereafter the defendant, with two other persons, went to the ware-houses and asked for the merchandise destined to Ramón Martínez in order to take it to Vega Baja; that the mer-chandise was delivered to appellant after one of his com-panions signed the voucher with a false name. After taking possession of both barrels of ham, they loaded the truck and left for Aguadilla where the merchandise was sold to Gre-gorio Cruz López for $242 which the purchaser paid with a check issued in favor of Ernesto Pérez, which was the name given by appellant. The evidence also shows that Mr. Ramón Martínez at no time authorized the appellant to take up the merchandise and carry it to Vega Baja.

---

[2] Case No. 13570.

In *People* v. *Kent*, 10 P.R.R. 325, this Court established the distinction between the crimes of embezzlement and larceny thus:

"The distinction between the crimes of embezzlement and larceny consists in that in the former the accused is legally in possession of the property, while in the latter he takes it from the possession of another. In both cases it is illegally appropriated." Syllabus, page 326.

And in *People* v. *Flores*, 48 P.R.R. 572, 574, we said:

"The essential element of the crime of embezzlement is the fiduciary relation between the injured party and the accused. *People* v. *Vélez*, 37 P.R.R. 840. For this reason Section 445 of the Penal Code says in its English text that embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted. . . ."

In connection with the element of trust, discussed in *People* v. *Nieves*, 65 P.R.R. 897, 898, we said:

"The decisions hold that the distinctive and essential element of the crime of embezzlement is that the property came into the possession of the person who appropriates it because of the thrust put by another person in him, and therefore such fiduciary relation should clearly appear from the information, although the particulars of the relation need not be stated. . . ."

■■ Since the appellant did not obtain lawful possession of the goods, inasmuch as it was obtained by trickery or fraud and he was not authorized by Graciani nor by Martínez to transport it to Aguadilla, the offense committed is not embezzlement. Under these circumstances, as we shall see on passing on the other case, the crime committed was grand larceny. Since the evidence shows that the offense committed by the defendant is not the one alleged in the information but a different one not comprised within the offense charged, there is a clear variance between the information and the proof which precludes the conviction of the defendant. *People* v. *León*, 67 P.R.R. 522.

*Case No. 13570—Grand Larceny*

■■ This is an appeal from the District Court of San Juan where appellant was accused of the crime of grand larceny. He was found guilty by a jury of the offense charged. The appellant alleges that the lower court committed error in convicting him of said offense, notwithstanding the fact that the evidence proved the crime of embezzlement.

The facts, according to the evidence offered in the lower court, are as follows:.

The firm of Sobrino de Izquierdo had a certain amount of codfish in pier No. 7 in San Juan to be delivered to several clients of Aguadilla. On December 30, 1946 the appellant went to the office of the aforesaid commercial establishment and asked for the bill of lading of said codfish in order to deliver it to the different clients of Aguadilla. After the bill of lading was issued appellant gave a false name and also gave No. H–822 as the license plate of the truck which was to take up the merchandise from the pier. Being in possession of said bill, the appellant hired a truck belonging to Ismael Colón Cruz to transport the merchandise to Aguadilla. Since the hired truck had a different license plate from the one appellant had given in obtaining the bill of lading, he was forced to change it in the bill of lading and put instead H–2388 which was the license plate of the hired truck. After he reached the pier it was easy for him to take up the merchandise inasmuch as he had only to present the bill of lading and the codfish was delivered to him. Instead of taking it to Aguadilla the appellant sold it in Bayamón to Almacenes Acevedo for the amount of $851.20 which the purchaser paid with a check issued in favor of Juan Ruiz, a false name given by appellant. The latter paid the owner of the truck with a ten-dollar bill and told him that he had decided to sell the codfish in Bayamón.

As it may be seen, the *modus operandi* used by appellant is identical in both cases.

In the latter case, as in the other, he was not acting as an agent of either of the two parties, neither of Sobrino de Izquierdo nor of the merchants of Aguadilla. Therefore, he did not commit the offense of embezzlement since he never obtained the lawful possession of the articles but obtained it by trickery or fraud. Accordingly the fiduciary relation or the element of trust required in the crime of embezzlement did not exist.

The question for decision in this case is whether the evidence introduced is sufficient to support the verdict of grand larceny.

The offense of larceny is defined in § 426 of the Penal Code, (1937 ed.), thus: "Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another." And § 428 provides that it is grand larceny when the value of the property taken is of one hundred dollars or more or when the property is taken from the person of another. Section 426, *supra*, corresponds to § 484 of the California Penal Code, which, prior to its amendment, read as follows:

"Larceny, Defined. Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another." [3]

Construing the scope of this Section in *People* v. *Edwards*, 236 P. 944, the District Court of Appeals of California said:

"To constitute larceny, the first essential is that there be a 'taking' (18 Am. & Eng. Ency. of Law [2d ed.] p. 468) ; that is, the thing which is the subject of the crime must be taken from the possession of the owner into the possession

---

[3] In 1927 § 484 of the California Penal Code was amended so as to create the offense of "theft" which comprises in its definition embezzlement, larceny and false pretenses. In *People* v. *Myers*, 206 Cal. 480, 275 P. 219, 220, it was said that:

". . . the effect of the section as now appearing is merely to amalgamate the crimes of larceny, embezzlement, false pretenses and kindred offenses under the cognomen of theft. No elements of the former crimes have been changed by addition or subtraction. This is particularly true of the crime of larceny. . . ."

of the thief. The taking, in order to support a charge of larceny, must be against the will of the owner, or at least without his consent; in other words, the act of taking must be a trespass against the owner's possession. *Id.* p. 469. Though the taking must be against the will of the owner or a trespass to his possession, still an actual trespass or actual violence is not necessary. Fraud may take the place of force. It is well settled that a taking, within the definition of larceny, occurs when a person, with a preconceived design to appropriate the property to his own use, obtains possession of it by means of fraud or trickery. In such case the fraud vitiates the transaction, and the owner is deemed still to retain a constructive possession of the property. 17 R.C.L. pp. 13, 14. Or, as has been said, 'the fraud will supply the place of trespass in the taking, and so make the conversion felonious.' *People* v. *Shaw,* 57 Mich. 403, 24 N. W. 121, 58 Am. Rep. 372. It is essential in such cases that the owner shall intend to part with the possession only, and not to pass the title as well. If he intends to pass both the possession and the title, the transaction, though it may amount to the crime of obtaining property by false pretenses, will not constitute larceny. But the owner does not part with the title to the alleged thief, where the thing which is the subject of the theft is delivered by the owner to the accused, to be applied by the latter to a particular purpose, and the recipient of the property, having obtained the possession fraudulently with the preconceived intention to appropriate the property to his own use, does subsequently convert it to his own use instead of applying it to the purpose contemplated by the owner. [Authorities] . . ."

See also *People* v. *White,* 12 P. 2d 1078 and cases cited therein; *People* v. *Hennessey,* 201 Cal. 568 and *Murchison* v. *State,* 26 S. 2d 622.

Applying the aforesaid rule to the evidence in this case, which was not contradicted, since appellant did not offer any evidence in the lower court, it was proved that appellant obtained the merchandise by falsely alleging that it was for the purpose of transporting it to the different clients of Sobrino de Izquierdo in Aguadilla. The purpose for which the owner delivered it to the defendant was to distribute it among said clients. The appellant, after illegally obtaining posses-

sion of the merchandise by trickery and fraud did not deliver, it but sold it as if it were his own, carrying out the scheme which he had planned. It was by trickery and fraud that the defendant obtained the unlawful possession of the merchandise and to so obtain possession of a merchandise constitutes a taking with criminal intent sufficient to support the verdict of the jury under § 426, *supra*, and consequently, the court did not err in convicting him of said offense.

■ The appellant also alleges that the lower court lacked jurisdiction to take cognizance of this case because the conversion of the goods, subject matter of the information, took place in Bayamón. We do not agree. Appellant was not being tried for the offense of embezzlement [4] but of grand larceny.

The judgment rendered in case No. 13650 for embezzlement by the District Court of Aguadilla should be reversed and the defendant acquitted, without prejudice to the district attorney to file a new information against appellant for the crime of grand larceny, if proper, and the judgment entered in case No. 13570 for grand larceny from the District Court of San Juan should be affirmed.

---

[4] See *Blanco* v. *People*, 25 P.R.R. 670 and *People* v. *Feijó*, 41 P.R.R. 877, as to the jurisdiction of the district courts in crimes of embezzlement.