[Crim. No. 1464. First Appellate District, Division Two.—May 17, 1928.]

THE PEOPLE, Respondent, v. LEE MANCHELL, Appellant.

H. L. Meyers for Appellant.

U. S. Webb, Attorney-General and Waldemar Augustine, Deputy Attorney-General, for Respondent.

KOFORD, P. J.—Defendant appeals from a judgment of conviction of the crime of grand theft. The appellant was employed by Harley S. Tyler and W. H. Price, copartners, to manage a water circus which was a part of a Labor Day celebration for the Firemen's Benefit Fund of Fresno in 1927. He was employed on a weekly salary plus a percentage of profits. He was entrusted with funds for the purpose. At the conclusion of the affair the appellant left for his employer a brief statement of his accounts and a sum of money which purported to be the entire balance in his hands belonging to said Tyler and Rice. Then he left the city, giving a false address. The amount thus left proved to be several hundred dollars short. He was arrested ten days later in Wichita, Kansas, on a telegraphic felony warrant from Fresno, but was there booked on a charge of vagrancy and released on a $1,000 bail bond. He forfeited the bail and departed. In October he was located in Birmingham, Alabama, where he was arrested and returned to Fresno for trial. The evidence upon which appellant was convicted showed that the particular kind of grand theft of which he was guilty was embezzlement.

The charging part of the information upon which appellant was tried reads as follows:

"The District Attorney for the County of Fresno, State of California, hereby accuses Lee Manchell of a felony, to-wit: Grand Theft in that the said Lee Manchell on or about the sixth day of September, nineteen hundred and twenty-seven at and in the said County of Fresno, and State of California, unlawfully took the property of Harley S. Tyler and W. H. Rice, consisting of $373.72 in lawful money of the United States, of the value of $373.72 in gold coin of the United States."

Appellant did not demur to the information, but he claims now on this appeal that the information is insufficient in not stating exactly with what kind of grand theft he was charged. He claims this must be done in order to comply with Penal Code, section 950, subdivision 2.

The point is without merit. The information states the time, place and from whom the money was stolen. As to

the manner of stealing the money, it is provided in Penal Code, section 952 (as amended Stats. 1927, p. 1043), that "in charging theft it shall be sufficient to allege that the defendant unlawfully took the property of another." Such an information has been held sufficient under the present code sections. (*People* v. *Plum*, 88 Cal. App. 575 [265 Pac. 322].)

For the purpose of proving flight of the defendant, the prosecution called as a witness J. E. Maness, a detective in the police force of Wichita, Kansas. He testified that he saw the defendant strap a trunk on his automobile in front of his hotel, then have the gasoline tank filled and the tires tested at a gasoline station, and that on the following day when the defendant's case was called the defendant did not appear. There was also received in evidence at the trial a document made and signed by the judge of the police court at Wichita, Kansas. The witness Maness testified that this document was an original paper which the judge was required to prepare, sign, and transmit to the city attorney for the purpose of enabling a suit to be commenced for judgment upon the defendant's bail bond. He testified to the genuineness of the signature of the judge, and stated that the paper was an original, not copied from anything. This exhibit appears to be a statement of the case of vagrancy against the defendant, showing the steps of the proceeding and that the bail bond had been declared forfeited. At the trial numerous objections were made to the admission of this document in evidence called exhibit No. 9, but on this appeal appellant confines his argument to the point that the document is a judicial record of a sister state and as such could be proved only by the method stated in Code of Civil Procedure, section 1905. This section states that it may be proved by the attestation of the clerk and seal of such court if there be a clerk and seal together with a certificate of the presiding magistrate that such attestation is in due form. Appellant does not cite nor rely on cognate sections of the Code of Civil Procedure, which deal directly with judgments of justice courts of a sister state. (Code Civ. Proc., secs. 1921 and 1922.)

If the proceedings had before the police court in Kansas were required to be proved at the trial as an indispensable part of a cause of action, as where it is claimed to be a

binding judgment definitely establishing rights between adverse parties, then this record would call for a decision as to whether the method of proof of a judicial proceeding of a sister state described in section 1905 of the Code of Civil Procedure, and other sections is the exclusive method permitted. But this is not such a case. Here the important question is: Did the defendant flee in fear of facing the accusation of crime in California? Not what the court did about it after he fled. It has been held that where a judicial record is offered merely to show that it exists it may be admitted upon any satisfactory evidence of its identity. (*Phelps* v. *Hunt,* 43 Conn. 194.) The facts and circumstances showing that defendant failed to appear at the trial and showing why he so failed to appear were things that could be testified to by any witness having knowledge of these facts. This was done at the trial by oral testimony independently of the document, exhibit No. 9. This oral testimony tending to show flight of the accused is also clear enough to make the receipt in evidence of the document cumulative in character and not prejudicial even though it should be held to have been error. All the evidence of what occurred in Kansas was expressly limited by the court's instructions to the purpose of proving flight.

The district attorney in his argument to the jury stated: "I made him (the defendant) no promise of any kind and he did talk freely. And why? Because he had confidence enough in his gift of gab to talk himself out of it. He had a lot of luck in some other parts of this country talking. When he was in Kansas, and when he was back in Alabama. . . ."

This remark was assigned as prejudicial to the substantial rights of the defendant. The context of the remark shows that it was made in refutation of any inference of innocence that might be drawn from the voluntary character of the statements made by the defendant to the police officers and district attorney. The evidence of the activities of the defendant in Kansas and Alabama made the remark of the district attorney come within the bounds of legitimate argument before the jury. The record also shows that no error occurred by reason of this remark because the assignment was not properly made.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.