[Crim. No. 1920. Second Appellate District, Division One.—June 4, 1930.]

THE PEOPLE, Respondent, v. JACK HAWLEY, Appellant.

James E. Fenton for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of attempt to commit grand theft, as well as from an order by which his motion for a new trial was denied.

■ The indictment against defendant in effect charged him with the commission of the crime of "attempt to commit grand theft" in that defendant "did wilfully, unlawfully and feloniously attempt to take property," etc.

In urging a reversal of the judgment, appellant contends that the indictment fails to state the commission of a public offense; that it does not conform to the requirements of sections 950 and 952 of the Penal Code in that it is neither direct nor certain either in regard to the offense charged or to the circumstances thereof; and that the indictment fails to inform the defendant "of the nature and cause of the accusation against him," and contains no statement of the acts constituting the offense "in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended."

It is possible that, in accordance with rulings contained in authorities cited by appellant, all of which were rendered prior to statutory amendments in 1927 [Stats. 1927, p. 1043] and 1929 [Stats. 1929, p. 303] to sections 951 and 952 of the Penal Code, the claimed defects in the indictment might be considered as well taken. But by such recent legislation a sufficient form of an indictment or an information is set forth, and, in addition thereto, it is provided in general that an indictment or information shall be considered sufficient if

in substance it contain a statement that the accused committed the public offense therein specified, and particularly, in charging theft, that it shall be sufficient to allege that the defendant unlawfully took the property of another.

A comparison of the form of indictment prescribed by section 951 of the Penal Code with the indictment returned by the grand jury against defendant discloses not only a substantial compliance with the requirements of the statute, but that additional information for the benefit of the defendant is contained therein. Repeatedly it has been held that an information or an indictment in the form prescribed by statute is sufficient, especially as relates to the amended statutes hereinbefore cited. (*People* v. *Plum,* 88 Cal. App. 575 [265 Pac. 322]; *People* v. *Campbell,* 89 Cal. App. 646 [265 Pac. 364]; *People* v. *Manchell,* 91 Cal. App. 788 [267 Pac. 718]; *People* v. *Lalor,* 95 Cal. App. 242 [272 Pac. 794].) It is apparent that if in charging theft it is sufficient to allege that the defendant unlawfully took the property of another (sec. 952, Pen. Code), likewise in charging an attempt to commit theft (even in the absence of direct statutory authorization therefor), it should be sufficient to allege that he unlawfully attempted to commit the same offense.

██ The suggestion by appellant that no criminal offense is charged is met and overcome by the provisions of sections 484, 663 and 664 of the Penal Code, wherein the offense of grand theft is defined and the punishment for an attempt to commit such crime is prescribed. (See, also, *People* v. *Burns,* 138 Cal. 159 [60 L. R. A. 270, 69 Pac. 16, 70 Pac. 1087]; *People* v. *Gardner,* 98 Cal. 127 [32 Pac. 880].)

██ As the indictment was drawn and presented defendant was accused by the name of Jack Hawley, with twelve different *aliases* following. Before the action went to trial defendant formally objected to the reading to the jury of that portion of the indictment which included the several *alias* names of defendant, which objection was by the court overruled, with the result that the indictment was read by the clerk of the court to the jury as originally drawn. Defendant now complains that such action on the part of the trial court created a prejudice against him; and respondent admits that "there is little doubt that the court erred in denying defendant's motion to strike out that portion of the indictment containing the *aliases.*" (See *People* v. *Ma-*

*roney*, 109 Cal. 277, 281 [41 Pac. 1097].) However, it is contended by respondent that the error did not result in a miscarriage of justice.

Although the circumstance establishes nothing, nor may it be used against defendant, an examination of the transcript of the evidence adduced on the trial of the action shows that he offered no evidence in defense of the charge against him. Furthermore, that the guilt of defendant of the offense of which he was charged was practically demonstrated.

Section 4½ of article VI of the Constitution in effect declares that no judgment shall be set aside or new trial granted on account of any error as to any matter of procedure, "unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

In a qualified concurrence in the opinion rendered in the case of *People* v. *Fleming*, 166 Cal. 357, 384 [Ann. Cas. 1915B, 881, 236 Pac. 291], the term "miscarriage of justice" was defined by the then Chief Justice Beatty as "the conviction of a person who is probably innocent." And in *People* v. *O'Bryan*, 165 Cal. 55, 66 [130 Pac. 1042], and again in *People* v. *Wilson*, 23 Cal. App. 513, 525 [138 Pac. 971], the controlling principle is declared that "if it appears to our satisfaction that the result was just, and that it would have been reached if the error had not been committed, a new trial is not to be ordered."

Considering the fact that the evidence herein pointed almost conclusively to the guilt of defendant, it would seem wholly improbable that error of the trial court in the premises had any effect upon the verdict of the jury.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 16, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 3, 1930.