[Crim. No. 3458. In Bank.—October 24, 1931.]

THE PEOPLE, Respondent, v. JOHN B. FEWKES, Appellant.

William J. Clark for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones and Frank Richards, Deputies Attorney-General, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

SHENK, J.—By information filed in Los Angeles County the defendant was charged in nine counts. The first count alleged a violation of the Corporate Securities Act (Stats. 1917, p. 673, as amended). Counts two to nine, inclusive, alleged grand theft in that the defendant, at various times alleged in these several counts, unlawfully took money belonging to the complaining witness, Mrs. Thomas E. Merrill. The total alleged in the several counts was $6,500 and the times at which the same were taken were from April 26, 1927, to July 5, 1927. The defendant filed a general and special demurrer to each count. On April 25, 1929, the court sustained the demurrer to the first count without leave to amend and overruled the demurrers to the remaining counts. The district attorney forthwith gave oral notice of appeal from the order sustaining the demurrer to the first count, and the case was set to be tried on May 10, 1929. On May 9, 1929, the district attorney and the defendant with his counsel appeared before the court and stipulated that the trial as to the counts charging grand theft should ''go off calendar to be reset by a ten days' notice by either party after the determination of the appeal now pending on count 1. The defendant waives any delay of the trial that may thereby occur up to the determination of said appeal.'' Pursuant to said stipulation counts two to nine, inclusive, were ordered off calendar. On April 21, 1930, the district attorney and counsel for the defendant signed a stipulation that the appeal taken to the District Court of Appeal involving count one might be dismissed with *remittitur* forthwith. By an order based on said stipulation said appeal was dismissed on April 22, 1930, and on the following day the order of dismissal of the appeal was filed in the superior court. On motion of the district attorney, made on May 1, 1930, the trial as to the remaining counts was set for May 8th and was continued to May 9th and 16th successively. No notice of the motion to reset the cause for trial appears to have been served on the

defendant's counsel. However, on May 16, 1930, the district attorney and the defendant with his counsel appeared in court and the trial was set without objection for July 1, 1930. At the request of counsel for the defendant, orders of continuance were made to July 11th and August 4th. Because of the congestion of the court's calendar a continuance was, without objection, made to September 23d. On September 25, 1930, the trial was begun without any objection on the part of the defendant as to the delay in bringing him to trial. The jury returned a verdict of guilty on each count. Motion for new trial was made and denied. An application for probation was made and denied and judgment was pronounced on December 8, 1930, the sentences on the several counts to run concurrently. The district attorney filed a supplemental information pursuant to section 969a of the Penal Code charging the defendant with the prior conviction in 1910 of the offense of embezzlement of National Bank funds, a felony, in the District Court of the United States, District of New Mexico, and the service by the defendant of a term of imprisonment therefor. On arraignment the defendant denied the prior conviction and entered also a plea of once in jeopardy. Trial by jury on this charge was waived and the trial thereon was set for February 27, 1931. The record before us does not disclose whether such trial has been had, or other disposition of the charge. This appeal is from the judgment of conviction and from the order denying the motion for a new trial.

Numerous grounds for reversal are put forth. It is insisted that the constitutional rights of the defendant were grossly infringed at the outset in two particulars, first that he was not accorded the speedy trial which the Constitution guarantees, and secondly that proceedings were taken in court in his absence to his prejudice. There is no merit in either point. In the first place, the trial as to the grand theft counts was ordered off calendar on the defendant's stipulation and waiver of delay incidental to the order. The appeal on the first count was dismissed on his stipulation on April 22d. That dismissal was a determination of the appeal in the defendant's favor and must be held to be such a determination as was contemplated by the stipulation of May 9, 1929. Eight days after

the dismissal of the appeal the district attorney moved the court to reset the cause for trial and the trial was set for May 8, 1930. It may be assumed that in compliance with the stipulation of May 9, 1929, the defendant should have had a ten-day notice of the district attorney's motion to reset, but this omission worked no possible prejudice to the defendant, for on May 16th he appeared with his counsel and the cause was set for July 1st without any objection on his part. The subsequent delay of almost three months, with the exception of that occasioned by congestion in the court's calendar, was wholly at the instance and request of the defendant and on account of which he is in no position to complain.

The next contention is that the evidence is insufficient to support the verdict. The defendant was an accountant doing business under the name of J. B. Fewkes & Company. He was engaged in experting the books of Frank R. Strong, a real estate operator, whose books the complaining witness, Mrs. Merrill, had kept. The defendant made a proposal to Mrs. Merrill to become interested in his business, which consisted in that of an accountant for compensation and the goodwill incident thereto. He wanted $6,500. It was agreed that a corporation should be formed and that Mrs. Merrill should receive for the $6,500, sixty-five shares of preferred stock and twenty-five shares of common stock of the proposed corporation. Mrs. Merrill paid and the defendant received the $6,500 in partial payments in the amounts and at the times set forth in the several eight counts of the information. Articles of incorporation of "Accounting Service Corporation" were filed on May 25, 1927, in which neither the defendant nor Mrs. Merrill were named as the original directors, but in connection with which the defendant was the dominating and controlling influence. Thereafter an application was made to the corporation commissioner for a permit to issue the entire capital stock of the corporation to the defendant, Mrs. Merrill and one Davidson, "as they may agree among themselves". The application recited that J. B. Fewkes was and had been for some time past engaged in a general accounting business and stated that the purpose of the organization of the corporation was to take over the business of the defendant and that the same should thereafter

be conducted through the medium of said corporation; that the corporation desired to issue its preferred and common stock to the defendant, Mrs. Merrill and Davidson; that the consideration in the corporation for the stock would "be the assignment to the corporation of the accounting business now owned by and being conducted as aforesaid by the said J. B. Fewkes"; that immediately upon the granting of the permit the defendant, Mrs. Merrill and Davidson would be elected to the board of directors in the place and stead of two of the directors named in the articles of incorporation, with Davidson continuing as the third person named in the original board. The application for the permit was denied.

It was and is the theory of the prosecution that the money was paid and received by the defendant as the agent of Mrs. Merrill for the purposes of paying the same to the corporation upon the issue to her of the specified amount of its capital stock; that the stock has not been issued; that the money has not been returned to Mrs. Merrill; that the defendant appropriated the same to his own use and that thereby the crime of grand theft was committed in the form of embezzlement of funds entrusted to the defendant's care. (See sec. 484, Pen. Code.)

There is and can be no dispute of the facts that the complaining witness paid the money, that the defendant received the same and that he appropriated it to his own personal use. The only dispute on this branch of the case relates to the purpose for which the money was paid and received by the defendant. It is the contention of the defendant that Mrs. Merrill paid the money for the purpose of purchasing outright an interest in the defendant's general accounting business. The defendant so testified, but the evidence to the contrary, both oral and documentary, supports the verdict on the theory of the prosecution. The defendant makes a violent assault on the credibility of the complaining witness and of her corroborating witness, Dr. Gardner. But his efforts in that regard are unavailing in view of the fact that the jury was the judge of the credibility of the witnesses and in view of the substantial character of the evidence in support of the verdict. We find nothing inherently improbable in their testimony.

It is insisted that the defendant appropriated the

money openly and avowedly and under a claim of title in good faith; that there was no evidence of fraudulent intent and no evidence that he received the money in a fiduciary capacity. The evidence is full and complete that the money was placed when received in his personal bank account and checked out from time to time for his personal use soon after the same was received. The complaining witness had no access to or knowledge of the status of this bank account. There was evidence which the jury was entitled to believe that the defendant told the prosecuting witness that her money would be turned over to the corporation and that she would receive the shares of stock therefor. It is a reasonable if not necessary deduction from the evidence that the defendant received the money as the agent and trustee of the complaining witness to be used for the particular purpose intended. Assuming that he originally received it for that purpose without fraudulent design, the fact that he appropriated it to his own use after he received it and without the knowledge and consent of the complaining witness would be a circumstance from which the fraudulent intent could be inferred. Intent is a question of fact which may be proved like any other fact, by acts, conduct and circumstances connected with the offense. (Sec. 21, Pen. Code; *People* v. *Richardson*, 161 Cal. 552, 559 [120 Pac. 20]; 8 Cal. Jur., p. 168, and cases cited.) It cannot be said on this record that the jury was not justified in drawing the inference of fraudulent intent.

 The point is made that the money was not delivered directly to the defendant and the conclusion is urged that he was therefore not entrusted with the funds. It appears to be the fact that the checks drawn by the complaining witness were made payable to Davidson, an employee of the defendant. But the checks were so drawn at the instance of the defendant and with the intention that the defendant should receive the money without delay. Davidson deposited the checks in his own bank account, and made checks payable to the defendants for the amounts at the various times when the checks were received from Mrs. Merrill. Furthermore, the defendant admitted the receipt of the various sums mentioned in the information, that the money was received from Mrs. Merrill and that he devoted the same to his own personal use. In the face

of these admissions the fact that the money was received through the channel of Davidson with the knowledge and consent of the principal parties affected became, we think, an immaterial circumstance. However, if the evidence shows that the defendant received the money from the owner, or from a third party for the owner, it is sufficient. (*People* v. *Walker,* 144 Cal. 1 [7 Pac. 705].) There is no denial that the defendant received the money from Mrs. Merrill. The only question left for the jury to determine was the purpose for which it was obtained and the capacity in which the defendant was acting when he received it. This question, as has been stated, was resolved against the defendant on substantial, though conflicting, evidence.

The information charged the offense as "Grand Theft, a felony, committed as follows" (reciting the particulars), under the authority of sections 484, 490a and 952 of the Penal Code as amended and added in 1927 (Stats. 1927, pp. 1043, 1046, 1047). This was sufficient. (See *People* v. *Myers,* 206 Cal. 480 [275 Pac. 219]; *People* v. *Plum,* 88 Cal. App. 575 [263 Pac. 862, 265 Pac. 322]; *People* v. *Giron,* 94 Cal. App. 53 [270 Pac. 462].) It is not necessary that the information state the kind of grand theft with which the defendant is charged in order to comply with subdivision 2 of section 950 of the Penal Code. (*People* v. *Manchell,* 91 Cal. App. 788 [267 Pac. 718].)

Under the new procedure it is obviously unnecessary and improper to compel the district attorney in advance of the proof, to elect upon what theory the prosecution is to proceed, whether larceny, false pretense, trick and device, embezzlement, etc. These distinctions in the charge and proof obtained under the old practice, but are done away with in the new. They were eliminated, not only for the purpose of simplifying procedure, but also to relieve the courts of the necessity of drawing fine distinctions as to whether the particular crime charged had been proved, and the prosecution of charging in advance, at its peril, an offense which the evidence, because of such fine distinctions, might show not to exist although the guilt of the defendant be manifest. (*People* v. *Myers, supra.*)

The evidence in this case established grand theft in the form of embezzlement. The court instructed the jury fully and completely on all phases of the case. There

was no confusion of the issues and the charge was fair to the defendant.

Other points are made, but they are insubstantial and it is not necessary to comment thereon.

The judgment and order are affirmed.

Richards, J., Curtis, J., Preston, J., Waste, C. J., and Langdon, J., concurred.