[Crim. No. 4971. Second Dist., Div. Two. July 21, 1952.]

THE PEOPLE, Respondent, v. ALLAN G. SCOTT, Appellant.

Mark F. Jones for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—Defendant was convicted after trial before a jury on three counts of grand theft. From the judgment and order denying his motion for new trial, he appeals.

Defendant does not question the sufficiency of the evidence to sustain the finding of guilty on each count but claims that the court erred in (a) giving the jury an instruction on the subject of embezzlement,[1] and (b) refusing to instruct the jury as requested by defendant (1) as to the difference between grand theft and petty theft,[2] (2) that to constitute theft by trick and device the fraudulent intent to convert the property must exist at the time it is received,[3] and (3) that if several acts of taking were done pursuant to one design, the same constitutes one offense only.[4]

---

[1]That such an instruction was properly given, see: *People* v. *Murakami*, 122 Cal.App. 221, 224 [9 P.2d 583] et seq.; *People* v. *Pierce*, 110 Cal.App.2d 598, 605 [243 P.2d 585]; *People* v. *Fewkes*, 214 Cal. 142, 149 [4 P.2d 538 et seq.]; *People* v. *Caldwell*, 55 Cal.App.2d 238, 255 [9] [130 P.2d 495]; *People* v. *Jones*, 61 Cal.App.2d 608, 622 [12] [143 P.2d 726].

[2]The court fully covered this request by this instruction, which it gave:

"You are instructed that Count I charges the defendant with Grand Theft of $1500.00 from John W. Simpson on July 23, 1949; that Count II charges the defendant with Grand Theft of $500.00 from Charles E. Murray and Mrs. Ethel Mae Murray on July 25, 1949 and that Count IV charges the defendant with Grand Theft of $500.00 from Charles E. Murray on July 27, 1949."

[3]The court correctly instructed the jury upon this subject in the following instruction:

"The form of theft known as larceny by trick and device is committed when a person, by means of fraud, artifice, trick, device, or false promises, which he has no intention of performing, obtains possession of property owned by another person with the felonious intent to steal it from such owner, and the owner of the property does not intend to transfer his title to the property to the person so obtaining its possession. If such owner parts with the possession of the property intending that it shall be used for or applied to a specific purpose, and the person receiving the property, at the time it is received, feloniously intends to convert it to his own use and steal it and not to apply the same to the use or purpose for which it was received, knowing that the owner parted with it only for such specific use or purpose, then the owner of the property, in legal contemplation, does not part with his title to the property. When property is thus unlawfully taken the crime is that of larceny by trick and device."

[4]That the requested instruction is not the law, see: *People* v. *Ellison*, 26 Cal.App.2d 496, 498 [2] [79 P.2d 732]; *People* v. *Miles*, 37 Cal. App.2d 373, 378 [4] [99 P.2d 551].

■ Article VI, section 4½ of the Constitution of the State of California reads in part as follows: "No judgment shall be set aside, or new trial granted, *in any case,* on the ground of *misdirection of the jury,* . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Italics added.) We have examined the record and are of the opinion the evidence fully sustains the verdict of guilty on each count and there has not been a miscarriage of justice in the present case. Hence, since it needs no citation of authorities to support the thesis that this court is bound by the mandate of the Constitution of the State of California, it follows the judgment and order must be affirmed.

It is likewise apparent no useful purpose would be subserved by an extended discussion of the errors alleged by defendant, which would only be, as indicated in the cases cited in the footnotes, a repetition of principles of law well established in this state and repeatedly reiterated in opinions of the appellate courts. We therefore refrain from further discussion of the alleged errors. (*Cf. Thatch* v. *Livingston,* 13 Cal.App.2d 202, 203 [56 P.2d 549].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied July 30, 1952, and appellant's petition for a hearing by the Supreme Court was denied August 14, 1952.