[Crim. No. 3213. Fifth Dist. Apr. 18, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
JOYCE SULLIVAN, Defendant and Appellant.

**COUNSEL**

Paul Halvonik, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpaster, Chief Assistant State Public Defender, and Ted W. Isles, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Paul V. Bishop, Garrett Beaumont, Robert D. Marshall and Vincent J. Scally, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), P. J.**—Appellant was convicted by a jury of twelve counts of grand theft (Pen. Code, § 487, subd. 1) and was sentenced to state prison to serve the term prescribed by law, consecutively as to counts one, three and four. She was ordered to serve the sentence on counts two and five through twelve concurrently with the sentence served on count one. She appeals from the judgment. No complaint is made with regard to counts one, three and four.

■ Appellant contends that the court erred in refusing to give appellant's requested instruction to the jury that a series of wrongful acts may constitute a single offense as that instruction related to counts two and five through twelve. Secondly, she contends that the Penal Code section 654 proscription against multiple punishment is applicable to the same counts.

No issue is raised regarding the sufficiency of the evidence to support the verdict; consequently, a full statement of the facts of the case is not necessary to this opinion. Counts two and five through twelve involve transactions arising from certain proceeds amounting to more than $14,000 which the victims received from the sale of their house. The victims, Mr. and Mrs. Robert H. Nelson, boarded in appellant's home at the time of the sale. A check in excess of $14,000 was made payable to Robert H. Nelson and Vera Nelson, his wife, by Western Title Company. The check was received by Vera Nelson on December 15, 1975, and it was endorsed by Robert before Vera Nelson and appellant appeared with the check at the Clovis Branch of Bank of America on the same day. There the check was endorsed by Vera Nelson. After the endorsements were verified against the victims' signature cards, appellant directed the teller to make a certain disposition of the funds. She wanted 10 cashier's checks made out in Mrs. Nelson's name in the amount of $1,000 each; $1,500 was to be deposited in appellant's personal account; approximately $2,500 was taken by appellant in cash; a money order was drawn in the amount of $76; and $100 was deposited in Mrs. Nelson's account.

The deposit of $1,500 to appellant's account and the $2,500 which appellant took in cash constituted the charge alleged in count two. Appellant was charged with taking eight of the $1,000 cashier's checks and appropriating the proceeds on different dates in counts five through twelve. Appellant argues that each of these offenses was committed pursuant to one criminal intent or one plan and, therefore, appellant

may be properly convicted of only one violation. To support this theory of defense, appellant requested the following instruction be given to the jury:

"A series of wrongful acts may constitute a single offense.

"When those acts are committed pursuant to one general intent or impulse and one plan, the acts constitute a single offense.

"If you find the acts of the defendant to be wrongful and if you find that those acts were committed pursuant to one general intent or impulse and one plan, then you may find that the acts constitute a single offense."

Our review of the pertinent law compels the conclusion that the trial court's refusal to so instruct was error. In *People* v. *Bailey* (1961) 55 Cal.2d 514, 518-520 [11 Cal.Rptr. 543, 360 P.2d 39], the Supreme Court advised:

"Several recent cases involving theft by false pretenses have held that where as part of a single plan a defendant makes false representations and receives various sums from the victim the receipts may be cumulated to constitute but one offense of grand theft. [Citations.] The test applied in these cases in determining if there were separate offenses or one offense is whether the evidence discloses one general intent or separate and distinct intents. The same rule has been followed in larceny and embezzlement cases, and it has been held that where a number of takings, each less than $200 but aggregating more than that sum, are all motivated by one intention, one general impulse, and one plan, the offense is grand theft. [Citations.]

"Whether a series of wrongful acts constitutes a single offense or multiple offenses depends upon the facts of each case, and a defendant may be properly convicted upon separate counts charging grand theft from the same person if the evidence shows that the offenses are separate and distinct and were not committed pursuant to one intention, one general impulse, and one plan. [Citation.] In the following cases it was held that each receipt of property obtained by false pretenses constituted a separate offense for which the defendant could be separately charged and convicted. [Citations.] Although none of these decisions discussed the rule set forth above, it does not appear that the convictions would have been affirmed had the evidence established that there was only one intention, one general impulse, and one plan.

"*People* v. *Scott,* 112 Cal.App.2d 350, 351 [246 P.2d 122]; *People* v. *Serna,* 43 Cal.App.2d 106, 107 et seq. [110 P.2d 492]; and *People* v. *Miles,* 37 Cal.App.2d 373, 378-379 [99 P.2d 551], are disapproved insofar as they are inconsistent with the views expressed herein."

Respondent concedes that *Bailey's* dicta "did suggest that multiple convictions of grand theft could be avoided if there was only one intention, one general impulse and one plan to steal." However, respondent asserts that "[e]arlier cases squarely holding that thieves could not cumulate separate grand thefts on grounds of a single intent or plan . . . are still the law, since dicta does not overrule prior decisions which specifically determine a question."

There are two major problems with respondent's position. First, in noting certain cases which hold "that each receipt of property obtained by false pretenses constituted a separate offense for which the defendant could be separately charged and convicted" (55 Cal.2d at p. 519), *Bailey* added, "it does not appear that the convictions would have been affirmed had the evidence established that there was only one intention, one general impulse, and one plan." (55 Cal.2d at p. 519.) Thus, the Supreme Court in *Bailey* did not construe the cases as the respondent interprets them.

The second and terminal defect in respondent's analysis is that, as noted *ante, Bailey* specifically disapproved *People* v. *Scott* (1952) 112 Cal.App.2d 350, 351 [246 P.2d 122], where the defendant was convicted of three counts of grand theft after the trial court refused to instruct that "if several acts of taking were done pursuant to one design, the same constitutes one offense only." (112 Cal.App.2d at p. 351.) The Court of Appeal affirmed the convictions, observing that "the requested instruction is not the law." (112 Cal.App.2d at p. 351, fn. 4.) In short, the *Bailey* court specifically disapproved the very case which upheld the position now asserted by respondent. In view of the disapproval of *Scott,* we cannot dismiss the *Bailey* language as mere dicta.

Moreover, *People* v. *Neder* (1971) 16 Cal.App.3d 846, 852-853 [94 Cal.Rptr. 364], in affirming multiple forgery convictions, went to great lengths to distinguish the larceny situation, stating ". . . we do not feel that the *Bailey* doctrine should be extended to forgery." Further referring to the "*Bailey* doctrine," the *Neder* court remarked: "A defendant apparently can also invoke the doctrine to ensure that he be

convicted of only one offense." (16 Cal.App.3d at p. 852, fn. 1.) The *Neder* court's reading of *Bailey's* disapproval of *Scott* parallels our own.

The evidence did not compel the conclusion that only one offense was involved in the takings alleged in counts two and five through twelve. However, since substantial evidence exists to this effect, the trial court erred in failing to give the instruction requested by appellant, which would have permitted the jury to pass upon the question of whether the acts were committed pursuant to one general intent or impulse and one plan.

The question remains as to the proper disposition of the instant case. Appellant does not question the sufficiency of the evidence as to any of the counts at issue. This being the case, the appropriate remedy appears to be an affirmance of the conviction on count two, which charged the earliest of the various takings from the $14,000 fund, and a reversal of the convictions in counts five through twelve. This leaves with the People the option of retrying appellant on the remaining counts before a properly instructed jury.

Since we have held that the convictions of counts five through twelve must be reversed, we need not reach appellant's contention that the concurrent sentences on counts two and five through twelve violated Penal Code section 654's multiple punishment bar.

The judgment of conviction as to counts five through twelve is reversed. In all other respects, the judgment is affirmed.

Franson, J., and Hopper, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 15, 1978.