[No. B016474. Second Dist., Div. Seven. June 16, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
LEE STEWART SCHRAMLING, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to rules 976 and 976.1 of the California Rules of Court, part II is not certified for publication.

COUNSEL

Frank O. Bell, Jr., State Public Defender, and Dee Hayashi, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Carol Wendelin Pollack and Thomas L. Willhite, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

JOHNSON, J.—Appellant challenges his conviction for grand theft in violation of Penal Code section 487, subdivision 1.[1] Two issues are raised on appeal. First, was there sufficient evidence to support a conviction for grand theft. Second, was there sufficient evidence to show the value of the personal property stolen exceeded $400. We conclude the evidence was sufficient to support the conviction in both respects and affirm.

STATEMENT OF FACTS AND PROCEEDINGS BELOW

Lee Schramling was charged by information with one count of grand theft in violation of Penal Code section 487, subdivision 1 for taking a purse and cocaine belonging to the Los Angeles County Sheriff's Department which had a value exceeding $400, one count of possession of cocaine in violation of Health and Safety Code section 11350, and one count of possession of not more than one ounce of marijuana in violation of Health and Safety Code section 11357, subdivision (b). The cause was tried to the court and Schramling was found guilty of all three counts. His motion for a new trial was denied. A timely appeal followed.

An examination of the record in a light most favorable to the judgment below reveals appellant was the subject of a "sting" operation conducted by the Los Angeles County Sheriff's Department in cooperation with the Hawthorne Police Department. On August 1, 1983, Schramling and his partner

---

[1] Penal Code section 487, subdivision 1 states in pertinent part: "When the money, labor or real or personal property taken is of a value exceeding four hundred dollars ($400); . . . then the same shall constitute grand theft."

All subsequent statutory citations refer to the Penal Code unless otherwise indicated.

Although appellant appealed from his conviction, he does not appear to challenge his convictions for possession of cocaine and marijuana in that these issues were not briefed. Since there was no specified error and no authority or argument presented on these counts, we deem the issues waived. (*People* v. *Murphy* (1959) 173 Cal.App.2d 367, 371 [343 P.2d 273].)

received a call to aid a woman in a disabled vehicle. The woman was actually an undercover agent working in the narcotics division of the Los Angeles County Sheriff's Department. The officers had just fixed her vehicle when a man yelled or waived from a bank of public telephones and caught Schramling's attention. The man told Schramling he had just found a purse in one of the telephone booths. Unbeknown to Schramling, the finder was also a deputy sheriff in the narcotics division. At trial this officer testified he saw Schramling open the purse. Schramling did not ask him for his name or for identification. Then Schramling yelled to his partner to stop the woman driver and ask her if she had left a purse. The woman left after telling Schramling's partner the purse did not belong to her.

A surveillance team was observing Schramling's actions throughout the "sting" operation. He was observed arresting a motorcyclist. When the officers returned to the Hawthorne Police Department Schramling started to fill up the gas tank on the patrol car while his partner escorted the arrestee into the station. He sneaked the purse out of the patrol car and put it behind the driver's seat in his personal vehicle. He returned to the patrol car and proceeded to fill it with gas. Then he changed his clothes, left the station and drove to a 7-Eleven store. Schramling testified he went to the 7-Eleven store and then to a woman's house for a date. Finding her asleep he returned to the station to drink beer with his fellow officers. He was subsequently arrested.

Deputy Sheriff Thomas Gordon who led the operation had placed a sandwich bag which contained cocaine and eight paper bindles each containing one gram of cocaine in a zippered part of a man's purse. These items were sprayed with florescent powder. Florescent powder was found on Schramling's hands, on the outside of one pocket, and across the belt line at the waistband of his pants but none under his belt. A plastic bag of marijuana was found in his locker.

## I.    THERE IS SUFFICIENT EVIDENCE IN THE RECORD TO SUPPORT THE CONVICTION FOR GRAND THEFT BECAUSE SCHRAMLING'S CONDUCT CONSTITUTED EMBEZZLEMENT.

Schramling contends his conviction for grand theft should be reversed because his conduct did not constitute grand theft under either a theory of embezzlement or larceny. We disagree and conclude Schramling's conduct constituted embezzlement under section 504.[2]

[2] Penal Code section 504 provides: "Every officer of this State, or of any county, city, city and county, or other municipal corporation or subdivision thereof, and every deputy, clerk, or servant of any such officer, and every officer, director, trustee, clerk, servant, or agent of any association, society or corporation (public or private), who fraudulently appropriates to

Appellant was charged by information for violating section 487, subdivision 1. ■ It is well settled the information need not state the kind of grand theft charged or the district attorney elect the theory upon which he or she will proceed in advance of proof. (*People* v. *Fewkes* (1931) 214 Cal. 142, 149 [4 P.2d 538].) Penal Code section 484, subdivision (a) defines the acts constituting the crime of theft. It states in pertinent part: "[e]very person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him, ... is guilty of theft." Penal Code section 490a specifies any law or statute referring to larceny, embezzlement or stealing shall be read and interpreted as the word "theft." A "conviction of grand theft may be had upon proof of either larceny, embezzlement or obtaining money by false pretenses." (*People* v. *McManus* (1960) 180 Cal.App.2d 19, 37 [4 Cal.Rptr. 642] and cases cited therein.) "[A] judgment of conviction of theft, based on a general verdict of guilty, can be sustained only if the evidence discloses the elements of one of the consolidated offenses." (*People* v. *Ashley* (1954) 42 Cal.2d 246, 258 [267 P.2d 271]; *People* v. *Martin* (1957) 153 Cal.App.2d 275, 284 [314 P.2d 493].)

The court in *People* v. *Coe* (1959) 171 Cal.App.2d 786, 793 [342 P.2d 43] held "section 487, subdivision 1, is included in theft as defined in section 484, which in turn includes the crimes described in section 504, which are species of theft." (See *People* v. *Murakami* (1932) 122 Cal.App. 221, 224 [9 P.2d 583].) We must uphold the conviction if there is sufficient evidence to support each element of section 504. (See *People* v. *Patino* (1979) 95 Cal.App.3d 11, 27 [156 Cal.Rptr. 815].) These elements include proving Schramling is (1) an officer of a city or other municipal corporation or subdivision thereof or a deputy, clerk, or servant of such an officer (2) who fraudulently appropriated property in his possession and control entrusted to him for a use or purpose not in a lawful execution of that trust. These elements "may be proved by circumstantial evidence and reasonable inferences drawn from such evidence." (See *People* v. *Hampton* (1981) 115 Cal.App.3d 515, 522 [171 Cal.Rptr. 312].)

■ On appeal we are directed to view the evidence in a light most favorable to respondent and to presume the existence of any fact the trier could have reasonably deduced from the evidence in support of the judg-

---

any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement."

Because we find substantial evidence to support a conviction for grand theft by embezzlement for violating section 504, we do not consider whether or not the record also supports a conviction for grand theft by embezzlement under section 503 or by larceny. (See *People* v. *Dubrin* (1965) 232 Cal.App.2d 674, 678 [43 Cal.Rptr. 60].)

ment. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

█ Regarding the first element, Schramling contends section 504 does not apply to city police officers. Both parties propose there is no authority specifically holding section 504 applies to peace officers. The gist of appellant's argument is, first, if the Legislature had intended section 504 to apply to peace officers it would have stated so as it did in section 1203, subdivision (e)(7)[3] which distinguishes between public *officials* and peace *officers* and, second, because the term "officer" in section 504 is ambiguous, we should resolve any ambiguity in his favor by interpreting the term "officer" to exclude peace officers. We find appellant's contentions meritless.

Looking at the plain language of section 504 we conclude a peace officer is an officer within its meaning. The mere fact it does not state "peace officer" or "police officer" is inconsequential. This section plainly applies to "[e]very officer ... of any ... city, ... and every deputy, clerk, or servant of any such officer, ..." It would be unreasonable for us to conclude peace officers are not included in this broad definition. Even if peace officers were not "public officers," they are clearly the "deputies, clerks, or servants of such officers."

In further support of this position, respondent argues a peace officer must be deemed an officer within the meaning of Penal Code section 504 because he or she has the duty to assure the safety and protect lost or abandoned property discovered in the course of police duties. Respondent relies on *Noble* v. *City of Palo Alto* (1928) 89 Cal.App. 47 [264 P. 529] for support. In that case a police chief sold bicycles which had been found in the city and kept the money. (*Id.,* at p. 49) The court rejected his claim on appeal the proceeds belonged to him as the finder on the basis such a claim contravened sound public policy. (*Id.,* at p. 50.) The *Noble* court concluded a policeman is a public officer in the discharge of his or her official duties. (*Id.,* at p. 52.)

█ We agree with respondent there was sufficient evidence to show Schramling who had been a police officer for about eight years knew it was his duty to return evidence of a crime or found property to the Hawthorne Police Department and make a report. At trial Sergeant Leo Vaillancourt testified Schramling was aware of the departmental policies concerning proper procedure for handling narcotics. Vaillancourt also stated he made a

---

[3] Penal Code section 1203, subdivision (e)(7) refers to "[a]ny public official or peace officer of this state or any city, county, or other political subdivision who, in the discharge of the duties of his or her public office or employment, accepted or gave or offered to accept or give any bribe, embezzled public money, or was guilty of extortion."

personal search for Schramling's found property report in the evidence booking area at 12:45 a.m. of the date of arrest but located nothing.

It is well established a peace officer's duties include "preventing the commission of crime, of assisting in its detection, and of *disclosing all information* known to them which may lead to the apprehension and punishment of those who have transgressed our laws." (*Christal* v. *Police Commission* (1939) 33 Cal.App.2d 564, 567 [92 P.2d 416], italics added.) In our view the taking of contraband is at least as reprehensible as the pocketing of profits from selling lost bicycles.

There is also substantial evidence in the record to show Schramling fraudulently appropriated for his own purposes the cocaine which he had found while on duty. Schramling's partner testified he asked appellant whether there was anything in the purse or an I.D. Schramling responded there was no identification and nothing in the purse. The partner then suggested to Schramling they throw away the purse, but Schramling said they should report on it. Although Schramling kept the log, there was no notation about the lost purse although the stranded female and arrest of the moped driver were noted.

At trial Schramling testified on direct examination he intended to tell his partner about the cocaine but forgot. On cross-examination he admitted he opened the purse at the telephone booth or while walking away from it and found the brown suede bag or "coke kit." He stated he thought it contained about five or six grams of cocaine. He testified he put the purse in his own vehicle so that he would not have to write a report at the end of the shift. When the trial judge announced the verdict, he stated, "Mr. Schramling, I don't believe you. I do believe you intended to steal it." We think there was substantial evidence to support the trial court's verdict Schramling was guilty of grand theft.

II.   THERE WAS SUFFICIENT EVIDENCE IN THE RECORD TO SHOW THE VALUE OF THE PURSE AND COCAINE EXCEEDED $400.*

. . . . . . . . . . . . . . . . . . . .

The judgment is affirmed.

Lillie, P. J., and Thompson, J., concurred.

---

* See footnote page 989, *ante.*